SAILOR J. KENNEDY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kennedy v. Commissioner
Docket No. 31785-88
United States Tax Court
T.C. Memo 1990-424; 1990 Tax Ct. Memo LEXIS 441; 60 T.C.M. (CCH) 456; T.C.M. (RIA) 90424; August 7, 1990, Filed *441 Decision will be entered under Rule 155. Sailor J. Kennedy, pro se. Eric M. Nemeth, for the respondent. HAMBLEN, Judge. HAMBLEN
MEMORANDUM FINDINGS OF FACT AND OPINION Respondent determined a deficiency in petitioner's Federal income tax for taxable year 1984, in the amount of $ 2,593 and an addition to tax under section 6651(a)(1) [1] in the amount of *442 $ 130. The issues to be decided are (1) whether the notice of deficiency was properly mailed to petitioner within the period for assessment provided in section 6501(a); (2) whether petitioner is entitled to business expense deductions for legal and professional expenses in excess of the $ 3,040 allowed by respondent in the taxable year 1984; and (3) whether petitioner is liable for an addition to tax under section 6651(a)(1) for failing to timely file his 1984 tax return. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioner Sailor J. Kennedy resided in Ohio at the time he filed his petition in this case. Petitioner was granted an extension until October 15, 1985, to file his 1984 individual income tax return. Petitioner filed his individual income tax *443 return for the taxable year 1984 on October 16, 1985. Petitioner deducted $ 14,764 for legal and professional services on Schedule C of his 1984 individual income tax return. On September 22, 1988, respondent mailed petitioner a notice of deficiency by certified mail determining a deficiency for the taxable year 1984 in the amount of $ 2,593 and an addition to tax under section 6651(a)(1) in the amount of $ 130. Respondent allowed $ 3,040 of the $ 14,764 for legal and professional services claimed by petitioner. OPINION The first issue for our decision is whether respondent properly issued a statutory notice of deficiency to petitioner within the period of assessment provided in section 6501(a). Petitioner claims that the notice dated September 22, 1988, was sent not by certified mail, but by certified mail return receipt requested, and that mailing the notice by certified mail return receipt requested was improper. Petitioner contends that no statutory notice of deficiency was properly mailed to him within the period provided in the statute of limitations. Respondent contends that the statutory notice of deficiency was properly mailed to petitioner on September 22, 1988, by *444 certified mail, and that the mailing was within the period provided in section 6501(a). Notwithstanding that petitioner failed to raise this issue until trial, this Court offered petitioner an opportunity to introduce into evidence postal regulations which petitioner claims support his position. Although petitioner advised the Court that he was unable to obtain a certified copy of those postal regulations, we will address this issue in order to lay it to rest. Section 6501(a) provides for a 3-year period of assessment after a tax return is filed. On brief, petitioner conceded that he filed his 1984 income tax return on October 16, 1985. Because September 22, 1988, the date respondent mailed his notice of deficiency, is within three years of October 16, 1985, the notice of deficiency was timely mailed. Section 6212 authorizes respondent to send a notice of deficiency to a taxpayer by certified or registered mail. Section 6212 does not require that the taxpayer receive a properly mailed notice of deficiency in order for the notice to be valid. . Respondent has the burden of proving that the notice of *445 deficiency was properly mailed. . In absence of contrary evidence, U.S. Postal Service Form 3877 is proof that respondent properly mailed the notice of deficiency by certified mail to petitioner's last known address. ; ; ; . Respondent introduced into evidence a U.S. Postal Service Form 3877 postmarked September 22, 1988, that reflects that a notice of deficiency was delivered to the U.S. Postal Service for mailing to petitioner by certified mail. On November 28, 1988, respondent sent petitioner a letter stating that the statutory notice of deficiency, which was mailed by certified mail on September 22, 1988, was returned by the Post Office as unclaimed. Respondent enclosed the notice of deficiency dated September 22, 1988, in the November 28, 1988, letter. Petitioner contends that the fact that the notice of deficiency was returned to respondent proves that the *446 notice of deficiency was sent by certified mail return receipt requested. In his opening brief, petitioner asked this Court for leave to file as evidence a copy of the November 28, 1988, letter (which petitioner had attached to his petition) and a photocopy of the envelope used to mail the notice of deficiency the first time it was mailed. Petitioner claimed that the letter and envelope indicated that respondent's first mailing of the statutory notice of deficiency in this case was by certified mail return receipt requested, because the notice would not have been returned to respondent otherwise. The record in this case has been closed and we will not admit new evidence at this late date. However, even if we were to assume that respondent sent the statutory notice of deficiency by certified mail return receipt requested, petitioner would still have not have shown that respondent failed to properly mail the statutory notice of deficiency within the period allowed by the statute of limitations. Whether or not the notice was mailed return receipt requested, it was still mailed by certified mail. Although respondent is not required to send notices of deficiency by certified mail return *447 receipt requested, [2] there is nothing in the legislative history of this provision to indicate that Congress intended to prohibit respondent from mailing deficiency notices by certified mail return receipt requested. By introducing the U.S. Postal Service Form 3877 showing that the notice of deficiency was mailed to petitioner on September 22, 1988, by certified mail (whether or not return receipt requested), respondent has demonstrated that he satisfied the requirement of proper mailing.
The next issue we must address is whether petitioner is entitled to business expense deductions in excess of the $ 3,040 allowed by respondent for the taxable year 1984. On his Schedule C for the taxable year 1984, petitioner deducted business expenses in the amount of $ 14,764 for legal and professional expenses. Respondent disallowed $ 11,724 of the claimed expenses for lack *448 of substantiation. Petitioner bears the burden of proving that respondent's determination is incorrect. Rule 142(a). To substantiate his claimed deduction in excess of the amount allowed by respondent, petitioner offered testimony by himself, his wife, and an attorney, James E. Moan. Petitioner also introduced into evidence letters from attorneys James E. Moan and Daniel U. Smith and cancelled checks totalling $ 4,800 to Daniel Smith, $ 55.95 to Frank Justen, an attorney, and $ 904 to McCauley & Associates, an accounting firm. Petitioner or his wife testified that each of these payments was for work done for petitioner's business. We found petitioner and his wife to be credible witnesses. Accordingly, we allow petitioner a deduction for legal and professional expenses of $ 5,759.95 greater than the amount previously allowed by respondent. The next issue for our consideration is whether petitioner is liable for an addition to tax under section 6651(a)(1) for failure to timely file his individual Federal income tax return. Section 6651(a)(1) provides for an addition to tax for failure to file a tax return or pay tax of "5 percent of the amount of such tax if the failure is for *449 not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate." Section 6651(a)(1) also provides that the addition to tax shall not be imposed if "it is shown that such failure is due to reasonable cause and not due to willful neglect." Petitioner was granted an extension until October 15, 1985, to file his 1984 individual income tax return. On brief, petitioner conceded that his 1984 income tax return was filed on October 16, 1985. Petitioner has failed to meet his burden of proving that he mailed his 1984 income tax return on time or that the failure to do so was due to reasonable cause and not due to willful neglect. Accordingly, petitioner is liable for the addition to tax under section 6651(a)(1). To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, section references are to the Internal Revenue Code of 1954, as amended and in effect for the year in issue, and rule references are to the Tax Court Rules of Practice and Procedure.↩
2. See , affd. without published opinion .↩